Patrick J. Morrissey
Lawyers
P.O. Box 707
Okanogan, WA 98840
Phone: (509) 422-6990
Fax: (509) 422-5224

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| In re: | NO. 06-00832-FLK11 |
|---|---|
| MARK R. WORTH,<br><br>        Debtor. | FINDINGS OF FACT AND CONCLUSIONS OF LAW ON CONFIRMATIONOF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATON |

THIS MATTER having come on for hearing on October 16, 2007, before the above-entitled Court for confirmation of Debtor's Chapter 11 Plan of Reorganization with Debtor and Debtor's attorney, Patrick J. Morrissey, and the United States Trustee appearing through Gary Dyer, appearing telephonically. The court having reviewed Debtor's declaration filed in support of confirmation and Debtor having testified under oath in support of the proposed Plan of Reorganization, and the court having heard statement of counsel, and having reviewed the file herein, makes the following:

### FINDINGS OF FACT

1. Debtor filed his petition for relief under Chapter 13 of the bankruptcy on April 14, 2006, and was converted to this Chapter 11 case by order of the above court filed herein on September 18, 2006, as docket item No. 42

2. Debtor filed herein his Disclosure Statement and Chapter 11 Plan of Reorganization on May 22, 2007.

3. Debtor's Disclosure Statement was approved by the above court by order filed herein on July 27, 2007.

4. Debtor has complied with LBR 3018-1 (a), (b) and (e) in all respects, that is,

5. The contents of Debtor's Plan as modified by the confirmation order comply with the requirements of 11 U.S.C. 1123.

6. All classes of claims have accepted the Plan as evidenced by the Report of Balloting filed herein on September 17, 2007, and no objections to confirmation were filed by any creditor or other interested party.

7. That the Plan has been proposed by Debtor in good faith and not by any means forbidden by law.

8. The Plan provides for payment by the Debtor for services, costs and expenses in connection with the case, which have been approved by, or are subject to the approval of the court, as reasonable.

9. Debtor, as proponent of the Plan, has disclosed the Debtor will continue to operate the business of the reorganized Debtor, that is, the business of a real estate sale agent, and as the manager of the business of Rosegarden Care Center, Inc.

10. That as required by 11 U.S.C. 1129(7) and as evidenced by Debtor's liquidation analysis set forth in Article XI of Debtor's approved Disclosure Statement, each holder of a claim or interest of each impaired class of claims or interests will receive or retain under the Plan on account of

such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 of the United States Code. The liquidation analysis shows that all impaired creditors would be paid in full if such liquidation occurred and the Plan so provides.

11. That all fees payable under Section 1930 of Title 28 of the United States Code have been paid.

12. That the Plan complies in all respects with the requirements of 11 U.S.C. 1129.

13. Debtors proposed modifications to Plan do not adversely affect creditors or change the substance of the affected provisions and may be approved without further notice.

Based on the foregoing Findings the court concludes as follows:

1. Debtor's motion to amend the Plan at confirmation should be granted, and

2. That Debtor's Plan of Reorganization, as modified at confirmation as requested by Debtor, should be confirmed.

Presented by:
Patrick J. Morrissey

/s/ Patrick J. Morrissey, WSBA 3045
Attorney for Debtor

Frank L. Kurtz
Bankruptcy Judge
10/22/2007 10:32:00 AM

Findings of Fact
Worth – Case no. 06-00832
Page 3 of 3